**Manjit Kaur SIDHU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74130.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Judith Lott, Law Offices of Judith Lott, Newark, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Virginia Lum Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Mark L. Gross, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, J. Christian Adams, Esq., U.S. Department of Justice, Voting Section, Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Manjit Kaur Sidhu, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir.2007), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Sidhu admitted she lied concerning the identification of her husband, and this admission goes to the heart of her claim. *See id.* at 741–44. In the absence of credible testimony, Sidhu's asylum and withholding of deportation claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Sidhu's CAT claim is based on the testimony the IJ found not credible, and Sidhu points to no other evidence to show it is more likely than not she would be tortured if returned to India, her CAT claim fails. *See id.* at 1156–57.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).